UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
ROSEMARY YOBOBY,

                Plaintiff,

        -against-

GEIDO RESTAURANT CORP. d/b/a GEIDO and KAWACHI CORPORATION,

                Defendants.
------------------------------------------------------------------------ X

**24 Civ. 8515 (DG)(JRC)**

**ANSWER**

Defendants Geido Restaurant Corp. d/b/a Geido ("Geido") and Kawachi Corporation (collectively "Defendants"), by and through their attorneys Pechman Law Group PLLC, answer and respond to the Complaint of Rosemary Yoboby (the "Complaint") as follows:

### RESPONSE TO NATURE OF THE CLAIMS

1. Defendants deny the allegations in Paragraph 1 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 of the Complaint but admit only that Plaintiff purports to proceed as alleged in that Paragraph.

2. Defendants deny the allegations in Paragraph 2 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2 of the Complaint.

### RESPONSE TO JURISDICTION AND VENUE

3. Defendants deny the allegations in Paragraph 3 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is

required. To the extent a response is required, Defendants deny the allegations in Paragraph 3 but admit only that Plaintiff purports to proceed as set forth in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4 but admit only that Defendants are located in and do business within the Eastern District of New York.

## RESPONSE TO THE PARTIES

5. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint and therefore deny them.

6. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint and therefore deny them.

7. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint and therefore deny them.

8. Defendants deny the allegations in Paragraph 8 of the Complaint as stated but admit only that Defendants lease and/or operate premises located at 331 Flatbush Avenue, Brooklyn, New York 11217.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10 but admit only that Geido operates at 331 Flatbush Avenue, Brooklyn, New York 11217.

## RESPONSE TO ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Defendants deny the allegations in Paragraph 11 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11 but admit only that Geido operates at 331 Flatbush Avenue, Brooklyn, New York 11217.

12. Defendants deny the allegations in Paragraph 12 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12 but admit only that Geido operates at 331 Flatbush Avenue, Brooklyn, New York 11217.

13. Defendants deny the allegations in Paragraph 13 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. Defendants further deny knowledge and information necessary to respond to part of the allegations in Paragraph 13 concerning Plaintiff's alleged disability and therefore deny those allegations. To the extent further response is required, Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint and therefore deny them.

18. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint and therefore deny them.

19. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint and therefore deny them, and Defendants further deny the allegations in Paragraph 19 as stated, but Defendant Geido admits only that it operates a Japanese cuisine restaurant.

20. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint and therefore deny them.

21. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint and therefore deny them.

22. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint and therefore deny them, and Defendants further deny that barriers prevent access to Geido.

23. Defendants deny knowledge and information sufficient to form a belief as to part of the allegations in Paragraph 23 of the Complaint and therefore deny them, except Defendants admit only that there is a step at the main entrance of Geido.

24. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 24 of the Complaint and therefore deny them.

25. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 25 of the Complaint and therefore deny them.

26. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 26 of the Complaint and therefore deny them.

27. Defendants deny the allegations in Paragraph 27 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint, including all subparts I through IV of it, as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30, including subparts I through IV of it, of the Complaint.

31. Defendants deny the allegations in Paragraph 32 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in

Paragraph 33, but Defendants admit only that Plaintiff purports to proceed as stated in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint and therefore deny them.

38. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 38 of the Complaint and therefore deny them, and Defendants further deny the allegations in Paragraph 38 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38 of the Complaint.

**RESPONSE TO FIRST CAUSE OF ACTION**
**(ALLEGED VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

39. Defendants repeat and incorporate by reference all responses to allegations set forth in this Answer.

40. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 40 of the Complaint and therefore deny them, and Defendants further deny the allegations in Paragraph 40 as constituting legal conclusions,

6

arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 41 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

42. Defendants deny the allegations in Paragraph 42 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 42 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

43. Defendants deny the allegations in Paragraph 43 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 45 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

46. Defendants deny the allegations in Paragraph 46 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

47. Defendants deny the allegations in Paragraph 47 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 47 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

48. Defendants deny the allegations in Paragraph 48 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

49. Defendants deny the allegations in Paragraph 49 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 49 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

50. Defendants deny the allegations in Paragraph 50 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 50 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

51. Defendants deny the allegations in Paragraph 51 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

52. Defendants deny the allegations in Paragraph 52 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 52 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

53. Defendants deny the allegations in Paragraph 53 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

54. Defendants deny the allegations in Paragraph 54 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54 of the Complaint.

**RESPONSE TO SECOND CAUSE OF ACTION**
**(ALLEGED VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW)**

55. Defendants repeat and incorporate by reference all responses to allegations set forth in this Answer.

56. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 56 of the Complaint and therefore deny them, and

Defendants further deny the allegations in Paragraph 56 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

59. Defendants deny the allegations in Paragraph 59 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

60. Defendants deny the allegations in Paragraph 60 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

61. Defendants deny the allegations in Paragraph 61 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 as constituting legal conclusions, arguments, and characterizations to which no response is required, and further deny that Plaintiff is entitled to recover damages. To the extent a response is required, Defendants deny the allegations in Paragraph 64 of the Complaint.

**THIRD CAUSE OF ACTION**
**(ALLEGED VIOLATIONS OF ADMIN. CODE OF CITY OF NEW YORK)**

65. Defendants repeat and incorporate by reference all responses to allegations set forth in this Answer.

66. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 66 of the Complaint and therefore deny them, and Defendants further deny the allegations in Paragraph 66 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 67 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

68. Defendants deny the allegations in Paragraph 68 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

69. Defendants deny the allegations in Paragraph 69 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

70. Defendants deny the allegations in Paragraph 70 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

71. Defendants deny the allegations in Paragraph 71 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

72. Defendants deny knowledge and information sufficient to form a belief as to the allegations in Paragraph 72 of the Complaint and therefore deny them, and

Defendants further deny the allegations in Paragraph 72 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75 of the Complaint and refer the Court to the legal provisions cited for a full statement of their contents.

76. Defendants deny the allegations in Paragraph 76 as constituting legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 as constituting legal conclusions, arguments, and characterizations to which no response is required and further deny that Plaintiff is entitled to damages. To the extent a response is required, Defendants deny the allegations in Paragraph 77 of the Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION
**(ALLEGED VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW)**

78. Defendants repeat and incorporate by reference all responses to allegations set forth in this Answer.

79. Defendants deny the allegations in Paragraph 79 as constituting legal conclusions, arguments, and characterizations to which no response is required and further deny that Plaintiff is entitled to damages. To the extent a response is required, Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 as constituting legal conclusions, arguments, and characterizations to which no response is required and further deny that Plaintiff is entitled to damages. To the extent a response is required, Defendants deny the allegations in Paragraph 80 of the Complaint and further deny that Plaintiff is entitled to monetary recovery.

## RESPONSE TO INJUNCTIVE RELIEF

81. Defendants deny the allegations in Paragraph 81 as constituting legal conclusions, arguments, and characterizations to which no response is required and further deny that Plaintiff is entitled to the relief sought. To the extent a response is required, Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 as constituting legal conclusions, arguments, and characterizations to which no response is required and further deny that Plaintiff is entitled to the relief sought. To the extent a response is required, Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 as constituting legal conclusions, arguments, and characterizations to which no response is required and

further deny that Plaintiff is entitled to the relief sought. To the extent a response is required, Defendants deny the allegations in Paragraph 83 of the Complaint.

### RESPONSE TO DECLARATORY RELIEF

84. Defendants deny the allegations in Paragraph 84 as constituting legal conclusions, arguments, and characterizations to which no response is required and further deny that Plaintiff is entitled to the relief sought. To the extent a response is required, Defendants deny the allegations in Paragraph 84 of the Complaint.

### RESPONSE TO ATTORNEYS' FEES, EXPENSES AND COSTS

85. Defendants deny the allegations in Paragraph 85 as constituting legal conclusions, arguments, and characterizations to which no response is required and further deny that Plaintiff is entitled to the relief sought. To the extent a response is required, Defendants deny the allegations in Paragraph 85 of the Complaint.

### RESPONSE TO PRAYER FOR RELIEF

86. Defendants deny that Plaintiff is entitled to any of the relief sought in paragraphs i through viii on pages 14 through 15 of the Complaint and deny that the Court should grant such relief.

### GENERAL DENIAL OF OTHER MATTERS

87. Defendants deny the allegations contained in all other unnumbered paragraphs, sentences, headings, and captions in the Complaint to the extent that they purport to set forth facts or allegations.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on the Defendants, Defendants assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

88. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

89. Defendants' premises at Geido (the "Premises") are in conformity with all applicable laws, including but not limited to federal, state, and local laws. The Premises were built prior to 1993 and have not undergone any "alterations" within the meaning of law. They cannot be reconfigured in any manner that would alleviate the alleged defective conditions. Renovation of the subject facility in a manner sufficient to remedy the allegedly defective condition presents legitimate safety obstacles and would not be "reasonably achievable" within the meaning of the law.

### SECOND AFFIRMATIVE DEFENSE

90. Plaintiff lacks standing to bring some or all of the claims alleged in this action and/or to obtain the relief requested and has failed properly to allege standing to assert any or all of the claims attempted to be alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

91. This Court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

92. Defendants did not discriminate against Plaintiff. Defendants' conduct with respect to Plaintiff conformed to the requirements of all applicable laws, including but not limited to federal, state, and local laws.

### FIFTH AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, release, delay, waiver, estoppel, acquiescence, and/or other equitable defenses.

## SIXTH AFFIRMATIVE DEFENSE

94. Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful, but occurred in good faith and upon reasonable grounds of believing that Defendants complied with the ADA, New York Executive Law, and the Administrative Code of the City of New York.

## SEVENTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA in a restaurant built before January 26, 1993, are not "readily achievable" or easily accomplishable within the meaning of 42 U.S.C. § 12181(9) because they would be prohibitively costly.

## EIGHTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA, nor do they trigger an "alteration" legal standard, for reasons including, but not limited to, the disproportionate cost of the modifications sought.

## NINTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are barred because any alterations made by Defendants are sufficient in that they satisfy the "maximum extent feasible" standard within the meaning of 42 U.S.C. §12183 (a)(1) and 28 C.F.R. § 36.402(a)(1).

## TENTH AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred because the modifications sought would cause an undue burden or hardship upon Defendants and therefore should not be granted pursuant to 42 U.S.C. §12182(b)(2)(A)(ii).

### ELEVENTH AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

100. Defendants are entitled to any and all offsets and/or set offs permissible by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

101. The alleged conditions in violation of the ADA, New York Executive Law, and the New York City Administrative Code are not within the answering Defendants' obligation, possession, control, custody, or operation.

### FOURTEENTH AFFIRMATIVE DEFENSE

102. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including the New York Executive Law § 297(5) and the New York City Administrative Code, Chapter 5 § 8-502.

### FIFTEENTH AFFIRMATIVE DEFENSE

103. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

104. Plaintiff's claims are barred because Plaintiff has filed almost identical ADA lawsuits, represented by the same law firm, and should be declared a "vexatious litigant" who must seek leave of court before filing additional lawsuits. *See, e.g.*, *Yoboy v. Shimizu Sushi Inc.*, No. 24 Civ. 4478 (NRM)(JRS) (E.D.N.Y. June 25, 2024); *Yoboby v. 1420 Food LLC et al.*, No. 24 Civ. 6120 (E.D.N.Y. Sept. 1, 2024).

### SEVENTEENTH AFFIRMATIVE DEFENSE

105. Plaintiff is not entitled to damages or attorney's fees because Plaintiff acted in bad faith by failing to give Defendants notice of the alleged violations prior to filing

lawsuit, when alleged violations could have been handled in a cost-efficient manner, in a transparent attempt to extract a settlement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

106. Some or all of the alleged violations of the ADA and/or related statutes are not related to Plaintiff's alleged disability.

## NINETEENTH AFFIRMATIVE DEFENSE

107. Plaintiff did not possess a bona fide good faith intent at the Premises to avail himself of the goods and services provided by Defendants but instead acted for the sole purpose of instituting this lawsuit.

## TWENTIETH AFFIRMATIVE DEFENSE

108. The relief sought by Plaintiff, in whole or in part, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered and therefore should not be granted pursuant to 42 U.S.C. § 12181(b)(2)(A)(ii).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

109. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff is not disabled as defined by the ADA and/or related statuses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

110. Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, dismissing the Complaint in its entirety, with prejudice, and awarding Defendants their costs, fees and disbursements, including reasonable

attorneys' fees, incurred in the defense of this action, together with such other, further or different relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
       March 21, 2025

                                PECHMAN LAW GROUP PLLC

                                By: _____
                                   Louis Pechman
                                   Gianfranco J. Cuadra
                                   488 Madison Avenue – 17th Floor
                                   New York, New York 10022
                                   Tel.: (212) 583-9500
                                   pechman@pechmanlaw.com
                                   cuadra@pechmanlaw.com
                                   *Attorneys for Defendants*